Milton A. Wiltse, J.
The defendant was convicted upon a plea of guilty to assault in the second degree, in the Jefferson County Court, on June 6,1958.
He has filed a petition for a writ of error coram nobis, in which he alleges that his judgment of conviction ‘ ‘ was a result of an invasion of his rights, and a deprivation of due process of law ’ ’; and asks that appropriate relief be granted.
It appears from the petition that he bases the above allegation on a claim of denial of the right to a trial, alleging that his attorney attempted to keep him from going to trial, and that this “went so far” as to constitute a denial.
The District Attorney has filed an answering affidavit. Made a part of same is an affidavit executed by the counsel assigned to represent the defendant in the Jefferson County Court in 1958. These affidavits controvert the claims of the defendant, and in substance set forth, among other things, that there was no attempt to deprive him of a trial.
The court reporter’s transcript of the pertinent portions of the proceedings on June 6, 1958, follows:
“ Mr. Saunders: If the Court please, on the 16th day of May this year, these three men, Richard Doney, Wayne Babcock and Neil La Mountain appeared before Your Honor charged under Indictment No. 3606, and at that time each requested counsel and each was assigned counsel. Mr. Doney and Mr. Babcock had assigned counsel, Mr. Clarence Giles, Jr., and Mr. La Mountain had Mr. Jack Nocera assigned. The three men plead not guilty on that day and the matter was adjourned until this morning, and they now appear before Your Honor and plead not guilty to the third count of this charge of assault in the second degree.
The Court: The plea was deferred until the 20th of May.
Mr. Saunders: They plead not guilty on the 16th of May and the matter was adjourned until the 20th and subsequently adjourned.
The Court: They plead not guilty on the 16th and Mr. Nocera represents Mr. La Mountain.
Mr. Nocera: That is correct.
Court: And Mr. Giles represents Mr. Babcock and Mr. Doney. All entered a plea of not guilty on the 16th and it was deferred until the 20th. Is that correct, Mr. Saunders?
Mr. Saunders: It was deferred until the 20th.
*436 The Court: And since then deferred until the 6th of June. Is that correct?
Mr. Saunders: That is correct.
# * #
The Court: Then let’s take the nest gentleman that is here charged. What is your recommendation there, Mr. Saunders?
Mr. Saunders: I also recommend that this man be allowed to plead to the third count in the indictment and he wishes to withdraw his plea to this indictment of not guilty.
The Court: You are here represented by Mr. Nocera?
The Defendant (La Mountain): Yes sir.
The Court: Is that your desire to plead to the third count under Indictment No. 3606 wherein you are charged with assault in the second degree? Is that correct?
The Defendant: Yes sir.
The Court: Have you consulted your attorney about this and realize it might involve your incarceration in an institution?
The Defendant: Yes sir.
The Court: Has anyone made any promises as to what your sentence might or might not be?
The Defendant: No.
The Court: Is this an act of your own free will and accord?
The Defendant: Yes sir.
The Court: How old are you?
The Defendant: 22.
The Court: The plea of not guilty may be withdrawn and you recommend this plea of assault in the second' degree to cover all counts in the indictment?
Mr. Saunders: I do.
The Court: How do you plead to assault in the second degree?
The Defendant: Guilty, Your Honor.”
From reading the transcript of the proceedings, it appears that the defendant had been represented by counsel, for some time, and was then, and that he acted voluntarily and desired to plead guilty, after consultation with his attorney.
His petition also claims that he was deprived of a right to trial because a defendant cannot be convicted on his own confession without additional proof, and that every defendant has a right to produce witnesses in his own behalf, and other similar statements of the safeguards that surround a defendant upon a trial. With those statements there is no quarrel, but they have no place in this proceeding, since a plea of guilty was entered.
*437 It is determined that the allegations and claims of the defendant are without foundation. No hearing was asked for, nor is one granted. The defendant’s application for a writ of error coram nobis is denied, and the petition is dismissed.
An order to conform with the above may be entered. It is respectfully requested that the District Attorney serve a copy of this decision and the order upon the defendant.